United States District Court
Southern District of Texas
**ENTERED**
August 17, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| **LUZ PEREZ SANCHEZ,** | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 5:26-CV-01233** |
| | § | |
| **WARDEN, DC COLEN, *et al.*,** | § | |
| | § | |
| **Respondents.** | § | |

**ORDER**

Pending before the Court is Petitioner Luz Perez Sanchez's ("Petitioner") *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, (Dkt. 1), challenging the lawfulness of his custody by Immigration and Customs Enforcement (ICE) officials with the Department of Homeland Security (DHS).

Petitioner filed his Petition for Writ of Habeas Corpus on July 13, 2026. (Dkt. 1.) Petitioner is a native and citizen of Mexico who entered the United States as a child. (Dkt. 6 at 2.) He was previously approved for consideration of Deferred Action for Childhood Arrivals, but his last renewal request was denied on May 10, 2023. (*Id.*) On May 14, 2026, Petitioner was arrested by the Dallas Police Department and charged with theft of property of a value of more than $100.00 and less than $750.00, which remains pending. (*Id.*) After he was released from the Dallas County Jail, Petitioner was taken into ICE custody and served with a Notice to Appear on May 18, 2026. (*Id.*) Petitioner argues he was unlawfully arrested and detained in violation of his freedom and asks the Court to order his immediate release. (Dkt. 1 at 7–8.)

The Court ordered Respondents to respond to the petition by July 20, 2026. (Dkt. 5.) Respondents filed a timely response and Motion for Summary Judgment alleging that Petitioner is lawfully subject to mandatory detention under 8 U.S.C. § 1226(c) because Petitioner is inadmissible and was charged with a theft offense. (Dkt. 6 at 4–5) (citing 8 U.S.C. § 1226(c)(1)(E)(i) & (ii)). Thus, Respondents argue that Petitioner's challenge to the constitutionality of his detention fails because he is subject to mandatory pre-final removal order detention under § 1226(c). (*Id.* (citing *Demore v. King*, 538 U.S. 510, 516 (2003)).

Under 8 U.S.C. § 1226(c)(1)(E), "[t]he Attorney General shall take into custody any alien who . . . (i) is inadmissible under paragraph (6)(A), (6)(C), or (7) of section 1182(a) of this title; and (ii) is charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person." 8 U.S.C. § 1226(c)(1)(E)(i), (ii). The Supreme Court has held that mandatory detention pursuant to 8 U.S.C. § 1226(c) is constitutional for a limited period of time. *See Demore*, 538 U.S. at 529–31. However, detention under § 1226(c) may violate constitutional due process rights when it becomes arbitrary and unreasonably prolonged. *See id.* at 532 (Kennedy, J., concurring) (explaining that "since the Due Process Clause prohibits arbitrary deprivations of liberty" mandatory detention under 8 U.S.C. § 1226(c) might violate due process "if the continued detention became unreasonable or unjustified"); *see also German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203, 210–11 (3d Cir. 2020) (applying a fact specific balancing tests for determining when mandatory detention is no longer reasonably related to its statutory purpose under 8 U.S.C. § 1226(c)); *Black v. Decker*, 103 F.4th 133, 138 (2nd Cir. 2024) (same); *Reid v. Donelan*, 17 F.4th 1, 7 (1st Cir. 2021) (same); *see also Banyee v. Garland*, 115 F.4th 928, 933 (8th

Cir. 2024) (finding that under 8 U.S.C. § 1226(c), "the government can detain an alien for as long as deportation proceedings are still 'pending'").

Upon review of the record before the Court, Petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(E). First, Petitioner is inadmissible under 8 U.S.C. 1182(6)(A)(i) as a "an alien present in the United States who has not been admitted or paroled." (*See* Dkt. 6, Attach. 3 at 1); *see also* 8 U.S.C. 1182(6)(A)(i); 8 U.S.C. § 1226(c)(1)(E)(i). Second, Petitioner was arrested and charged with committing acts which constitute the essential elements of a theft offense. (*See* Dkt. 6, Attach. 2 at 2); *see also* 8 U.S.C. § 1226(c)(1)(E)(ii). At this point, Petitioner has been detained for around three months. (*See* Dkt. 1 at 3.) Because the length of Petitioner's detention under § 1226(c) does not give rise to due process concerns, the Court is unable to grant the relief that Petitioner seeks at this time. If Petitioner's detention becomes unreasonably prolonged, he may file a new habeas petition.

Accordingly, Respondents' Motion for Summary Judgment, (Dkt. 6), is **GRANTED**. Petitioner's Petition for Writ of Habeas Corpus, (Dkt. 1), is **DENIED** without prejudice. The Court will enter final judgment separately pursuant to Federal Rule of Civil Procedure 58.

Finally, the Clerk of Court is **DIRECTED** to mail Petitioner a copy of this Order by any receipted means to the following address:

**Luz Perez Sanchez**
**A # 204-281-549**
**Rio Grande Detention Center**
**1001 San Rio Blvd.**
**Laredo, TX 78046**

IT IS SO ORDERED.

SIGNED this August 17, 2026.

Diana Saldaña
United States District Judge